*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE WALT DISNEY COMPANY,

      Plaintiff-Appellee,

v

RACHAEL EUBANKS,

      Defendant-Appellant.

FOR PUBLICATION
August 18, 2025
9:25 AM

No. 360291
Oakland Circuit Court
LC No. 2021-189464-CZ

---

DINE BRANDS GLOBAL, INC.,

      Plaintiff-Appellee,

v

RACHAEL EUBANKS,

      Defendant-Appellant.

No. 360293
Oakland Circuit Court
LC No. 2021-189420-CZ

---

ON SECOND REMAND

Before: YATES, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

For a third time, we must consider this dispute under the Uniform Unclaimed Property Act (the UUPA), MCL 567.221 *et seq.* Plaintiffs, the Walt Disney Company (Disney) and Dine Brands Global, Inc. (Dine Brands), seek to prevent defendant, Michigan Treasurer Rachael Eubanks, from requiring them to report and remit unclaimed accounts-payable checks issued to Michigan vendors and nonvendors as well as unclaimed wages owed to Michigan residents for certain time periods. In these consolidated appeals, the Treasurer challenged the trial court's decisions that an audit-like "examination" by the Treasurer was not an "action or proceeding" under MCL 567.250(2), and so the statute of limitations set forth in MCL 567.250(2) barred all claims by the Treasurer advanced in an enforcement action.

Recently, our Supreme Court held "that an 'action or proceeding' includes an examination initiated by the Treasurer" and "that the initiation of an examination by the Treasurer does not toll the statute of limitations." *Dine Brands Global, Inc v Eubanks*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 165391 and 165392); slip op at 18 (*Dine Brands III*). Our Supreme Court remanded these consolidated appeals to this Court to consider "whether MCL 567.251a and MCL 567.255 interact to impose a legal duty of postexamination compliance on a holder [of abandoned property] that is distinct from the annual duty to report and remit abandoned property." *Id*. at ___; slip op at 34. The resolution of that issue dictates how the statute of limitations in MCL 567.250(2) is applied "when a party refuses to voluntarily comply and the Treasurer is forced to commence a postexamination enforcement action." See *id*. We hold that a distinct legal duty to deliver property arises from a notice-of-examination determination issued by the Treasurer, so the trial court erred when it ruled that the Treasurer was time-barred under MCL 567.250(2) from commencing future enforcement actions against plaintiffs. Accordingly, we reverse the trial court's orders and remand both cases for entry of summary disposition in favor of the Treasurer.

## I. FACTUAL BACKGROUND

Our Supreme Court summarized the factual and procedural background in *Dine Brands III*, ___ Mich at ___; slip op at 7-17. Plaintiffs "are business entities that are not domiciled in the state of Michigan." *Id*. at ___; slip op at 7. As part of a cooperative multistate endeavor, the Treasurer and the appropriate administrators of other states hired a third-party auditor, Kelmar Associates, LLC (Kelmar), to conduct examinations to assess "whether plaintiffs had complied with the annual reporting and remittance requirements of the UUPA relating to wages paid and accounts payable." *Id*. at ___; slip op at 7-8. Those examinations, which started in 2013, focused on plaintiffs' books and records dating back to 2002. *Id*. at ___; slip op at 8.

The examination process lasted for more than eight years.[1] *Id*. "Between 2020 and 2021, Kelmar sent plaintiffs spreadsheets that listed accounts payable to vendors and payroll checks that Kelmar and the Treasurer determined to be unclaimed property owed to residents of Michigan." *Id*. Each plaintiff "disputed whether certain property identified by Kelmar during the examination was subject to the UUPA's reporting and remittance requirements." *Id*. Further, each plaintiff "argued that because the Treasurer had not commenced an enforcement action in court, the statute of limitations in MCL 567.250(2) continued to run during the examination such that collection of some or all the allegedly abandoned property would be time-barred." *Id*. According to the terms of MCL 567.250(2):

> Except as otherwise provided in [MCL 567.250(3)],[2] an action or proceeding shall not be commenced by the administrator [i.e., the Treasurer] with respect to any duty of a holder under [the UUPA] more than 10 years, or, for the holder of records of

---

[1] Our Supreme Court noted that "[t]he reasons for the delay and who bears the fault are irrelevant for purposes of resolving the issues before the Court." *Id*. at ___ n 10; slip op at 8 n 10.

[2] As our Supreme Court explained, "MCL 567.250(3) concerns a streamlined audit process" that "is not at issue in this matter." *Dine Brands III*, ___ Mich at ___ n 7; slip op at 7 n 7.

transactions between 2 or more associations[3] as defined under [MCL 567.257a(2)], more than 5 years, after the duty arose.

"At the conclusion of the examinations, the Treasurer determined that each plaintiff was in possession of abandoned property that was required to be reported and remitted under the UUPA." *Dine Brands III*, ___ Mich at ___; slip op at 8. In particular, in 2021, the Treasurer issued to each plaintiff a "notice of examination determination"[4] rejecting the statute-of-limitations defense and concluding that each plaintiff was required to remit a certain amount of money ($532,945.12 from Disney and $258,169.09 from Dine Brands) as presumptively abandoned property. *Id*. at ___; slip op at 8-9. The Treasurer asserted that the UUPA's period of limitations on commencement of an examination extends 10 reportable years from the date the state notifies a holder of an examination. *Id*. at ___; slip op at 9. Accordingly, given that the unclaimed property at issue allegedly should have been remitted by plaintiffs within the 10 years prior to the 2013 notices of examination, the Treasurer believed that all the property was within its scope of authority. *Id*.

Neither plaintiff requested "reconsideration or an administrative appeal of the Treasurer's determination." *Id*. Instead, "[i]n August 2021, plaintiffs filed separate civil lawsuits in the circuit court, seeking declaratory and injunctive relief against the Treasurer pursuant to MCL 567.247."[5] *Id*. Both plaintiffs contended "that the UUPA's statute of limitations, MCL 567.250(2), barred the

---

[3] Our Supreme Court noted that "[i]t is undisputed that both plaintiffs meet the statutory definition of 'association.' " *Dine Brands III*, ___ Mich at ___ n 8; slip op at 7 n 8, citing MCL 567.257a(2).

[4] MCL 567.251a(1) provides:

> If the administrator determines that a holder has failed to report or deliver to the administrator unclaimed property as required by this act, the administrator shall mail to the holder by certified or registered mail a notice of examination determination, which shall include the property deliverable. The notice of examination determination shall constitute a decision of the administrator. Within 90 days after the decision of the administrator is mailed, a holder that is aggrieved of the decision may bring an action in the circuit court, or within the same period, the holder may elect to contest the decision by filing a request for reconsideration with the administrator prior to bringing an action in circuit court.

MCL 567.251a(15) explains that, "[a]s used in this section, 'notice of examination determination' means a notice that states the property that is deliverable by the holder to the administrator as a result of an examination."

[5] MCL 567.247 provides, in relevant part:

> A person who is aggrieved by a decision of the administrator or whose claim has not been acted upon within 90 days after its filing may bring an action to establish the claim in the circuit court, naming the administrator as a defendant. The action shall be brought within 90 days after the decision of the administrator or within 180 days after the filing of the claim if the administrator has failed to act on it.

Treasurer from commencing any future enforcement action against plaintiffs with respect to the allegedly reportable property identified in the examination." *Id.* In each case, the Treasurer denied "that the statute of limitations applied" and asserted "that the plaintiff was equitably estopped from raising that defense because of its responsibility in delaying the examinations." *Id.* at ___; slip op at 10.

The two cases were assigned to the same circuit court judge. *Id.* Each plaintiff moved for summary disposition under MCR 2.116(C)(10) based on the theory "that the amount the Treasurer claimed was owed for the unclaimed property was time-barred by the statute of limitations," but the Treasurer contested the motions and sought summary disposition under MCR 2.116(I)(2). *Id.*

In separate opinions predicated on identical reasoning, the circuit court awarded summary disposition to plaintiffs. *Id.* Specifically, "[t]he circuit court held that the statute of limitations set forth in MCL 567.250(2) started to run at the time of the relevant duty, which the court found was a holder's annual duty to report and remit unclaimed property pursuant to MCL 567.238(4)[6] and MCL 567.240.[7]" *Id.* After recharacterizing plaintiffs' motions as requests for relief under MCR 2.116(C)(7), the circuit court rejected the Treasurer's theory "that the beginning of an examination was the beginning of an 'action or proceeding' under MCL 567.250(2)." *Id.* at ___; slip op at 11. "Instead, the circuit court characterized an 'action or proceeding' as an enforcement action under MCL 567.253"[8] and concluded "that the Treasurer's failure to commence such an action within the applicable limitations period prevented her from doing so in the future." *Id.* The circuit court "held that an examination is neither an action nor a proceeding and that even if an examination could be considered a proceeding, its commencement does not toll the statute of limitations." *Id.* Consequently, the circuit court granted summary disposition to plaintiffs under MCR 2.116(C)(7) "and enjoined the Treasurer from requiring either plaintiff, or any of their affiliates, to report and

---

[6] MCL 567.238(1) states that "[a] person holding property presumed abandoned and subject to this state's custody as unclaimed property under this act shall report to the administrator concerning the property as provided in this section." As MCL 567.238(4) explains:

> Except as otherwise provided in this subsection, the report required by this section must be filed on or before July 1 of each year for the 12-month period ending on the immediately preceding March 31. The administrator may postpone the date to file a report on written request by any person required to file a report under this section. The administrator may extend the filing date for up to 60 days on written request.

[7] MCL 567.240(1) provides:

> A person who is required to file a report under [MCL 567.238] shall at the time for filing the report pay or deliver to the administrator all abandoned property that is required to be reported under [MCL 567.238] or any balance owing if an estimated payment was made under [MCL 567.238].

[8] MCL 567.253 states: "The administrator may bring an action in a court of competent jurisdiction to enforce this act."

remit the time-barred property." *Id*. The Treasurer was precluded "from attempting to commence *any future* enforcement action under MCL 567.253 as to the property at issue." *Id*.

The Treasurer appealed of right in each case. This Court affirmed in two separate opinions that relied on identical reasoning. *Dine Brands Global, Inc v Eubanks*, 345 Mich App 227, 239; 4 NW3d 782 (2023) (*Dine Brands I*), rev'd ___ Mich ___ (2025) (Docket Nos. 165391 and 165392); *Walt Disney Co v Eubanks*, 345 Mich App 213, 226; 4 NW3d 797 (2023) (*Disney I*), rev'd sub nom *Dine Brands Global, Inc v Eubanks*, ___ Mich ___ (2025) (Docket Nos. 165391 and 165392). We determined that "[a]n examination is not an 'action or proceeding' for purposes of tolling the limitations period[,]" so the circuit court "properly granted plaintiff[s] summary disposition under MCR 2.116(C)(7)" because the Treasurer's "claims for remittance of unclaimed accounts-payable checks and unclaimed wages were time-barred." *Dine Brands I*, 345 Mich App at 239; *Disney I*, 345 Mich App at 226.

The Treasurer applied for leave to appeal in our Supreme Court, which consolidated the appeals and remanded both cases to this Court "to determine, assuming that an examination is a 'proceeding' for purposes of MCL 567.250(2): (1) whether the commencement of the examination tolled the statute of limitations in MCL 567.250(2); and (2) whether the Treasurer must still file a lawsuit within the applicable time frame to avoid the lawsuit being time-barred." *Dine Brands Global, Inc v Eubanks*, 512 Mich 932, 932 (2023) (*Dine Brands II*). Our Supreme Court retained jurisdiction and directed this Court to forward its decision on remand to the Clerk of our Supreme Court within 56 days. *Id*.

On remand, this Court issued an opinion holding that, under the assumption prescribed by our Supreme Court's order of remand, the trial court had erred in granting summary disposition to plaintiffs. *Walt Disney Co v Eubanks (On Remand, On Reconsideration)*, unpublished per curiam opinion of the Court of Appeals, issued January 11, 2024 (Docket Nos. 360291 and 360293), p 2 (*Disney II*), aff'd in part & vacated in part sub nom *Dine Brands Global, Inc v Eubanks*, ___ Mich ___ (2025) (Docket Nos. 165391 and 165392). We noted that if an examination is a "proceeding," then defendant commenced a timely proceeding by conducting an examination, so the tolling issue was irrelevant. *Id*. at 3-4. "[T]he UUPA does not require defendant to file a lawsuit, nor does the statute require defendant to file a lawsuit within the time period set forth in MCL 565.250(2) [sic: MCL 567.250(2)] in cases where an examination began in a timely fashion." *Disney II*, unpub op at 5. Therefore, we stated that we were vacating the trial court's orders and forwarding the matter to our Supreme Court for further consideration. *Id*.

After hearing a consolidated oral argument, our Supreme Court issued an opinion reversing this Court's conclusions in *Dine Brands I* and *Disney I*, affirming in part and vacating in part this Court's opinion in *Disney II*, and remanding the cases to this Court for resolution of one remaining issue. *Dine Brands III*, ___ Mich at ___; slip op at 34-35. To begin, the Supreme Court noted that plaintiffs acted correctly in seeking summary disposition under MCR 2.116(C)(10) and the circuit court had erred in "recharacteriz[ing] the requests for summary disposition as motions under MCR 2.116(C)(7)." *Dine Brands III*, ___ Mich at ___; slip op at 17. However, the circuit court's error on that point was inconsequential because the issues before our Supreme Court were "purely legal in nature, and thus the standard of review under either section of MCR 2.116(C) is de novo." *Dine Brands III*, ___ Mich at ___; slip op at 17-18.

Our Supreme Court held "that an 'action or proceeding' includes an examination initiated by the Treasurer" but "that the initiation of an examination by the Treasurer does not toll the statute of limitations." *Id*. at ___; slip op at 18. The Court concluded that the term "action" "refers to a lawsuit commenced in a court." *Id*. at ___; slip op at 20. Consequently, "an 'examination' is not an 'action' as the term is used in MCL 567.250(2)." *Id*. at ___; slip op at 21. But, crucially, "the word 'proceeding,' as used in MCL 567.250(2) and elsewhere in the UUPA, encompasses a formal administrative proceeding or investigation as well as a formal legal action commenced in a court." *Id*. at ___; slip op at 25. "An examination and the processes and procedures it entails are parts of administrative proceedings; therefore, a proceeding includes an examination." *Id*. Our Supreme Court thus concluded

> that the phrase "action or proceeding" as used in MCL 567.250(2) encompasses formal lawsuits initiated in court as well as formal administrative procedures related to enforcement of and compliance with a holder's duties under the UUPA. A formal administrative procedure includes the audit-like examination process under MCL 567.251 and MCL 567.251a. This means that the Treasurer must initiate an examination to determine whether a holder has complied with their legal duty to annually report and remit presumptively abandoned property within 5 or 10 years (depending on the type of transaction) of the date that legal duty arose. [*Id*. at ___; slip op at 27-28.]

Therefore, our Supreme Court reversed this Court's holdings in *Dine Brands I* and *Disney I* that an "action or proceeding" does not include the UUPA's examination process. *Id*. at ___; slip op at 28.

Significantly, our Supreme Court further ruled that "the timely initiation of an examination does not toll the statute of limitations." *Id*. The Court first observed that "[t]he parties agree that MCL 567.250(2) is the relevant statute of limitations for the UUPA and that it *does not* contain an express tolling provision." *Id*. The Court declined "to read tolling language into MCL 567.250(2) given the Legislature's decision not to include a tolling provision anywhere in the UUPA." *Id*. at ___; slip op at 30. And because the Court found that "the commencement of an examination does not toll the statute of limitations under MCL 567.250(2), the period of limitations as to a holder's annual duty to report and remit property under MCL 567.238 and MCL 567.240 continues to run during an examination." *Id*. at ___; slip op at 30-31.

Next, the Supreme Court addressed this Court's determination in *Disney II* that tolling was irrelevant because the examination was timely initiated. *Id*. at ___; slip op at 31. As the Supreme Court stated:

> According to [*Disney II*], the Treasurer did not need to take any action beyond issuing its decision under MCL 567.251a, and the burden is on the holder to submit a timely challenge to that decision. We disagree. While the notice of examination in each case was a timely initiated proceeding, there remains a question as to the duty that is at issue for purposes of postexamination enforcement for measuring the statute of limitations. This question remains unresolved. [*Id*. at ___; slip op at 31-32.]

The Supreme Court explained:

> Under the plain language of MCL 567.250(2), the running of the applicable period of limitations is linked to "any duty of a holder under" the UUPA, and the period runs from the date "the duty arose." It is therefore necessary to identify *the relevant legal duty* that is implicated by postexamination enforcement efforts before determining whether the period of limitations has expired as to the unreported property identified during an examination. [*Id*. at ___; slip op at 32.]

As the Supreme Court noted, an examination "concerns the Treasurer's efforts to determine whether a holder has complied with their annual legal duties to report and remit property." *Id*. Whereas plaintiffs claimed any future enforcement action by the Treasurer would constitute a mere attempt to enforce plaintiffs' original duties to report and remit property, "[t]he Treasurer argue[d] that a new and distinct legal duty is created once a final notice of examination determination is issued under MCL 567.251a(1)." *Id*. Specifically, "the Treasurer argue[d] that MCL 567.251a(1) and the penalty provisions under MCL 567.255[9] interact to create a separate legal duty to comply with the outcome of the examination and that, because of this, the statute of limitations in MCL 567.250(2) begins to run anew from the date the notice of examination determination is issued." *Id*. at ___; slip op at 32-33. That disagreement between the competing parties defines the issue we must resolve at this juncture.

Our Supreme Court explained that "the mere commencement of an examination" does not impose "a distinct legal duty on a holder to make payment or remit property to the Treasurer . . . ." *Id*. at ___; slip op at 33. Instead, as the Court made clear, "[o]nly after an examination is conducted and a 'notice of examination determination' is issued under MCL 567.251a can it be said that the UUPA *potentially* imposes an additional duty upon the holder to *pay or remit property* under MCL 567.255." *Id*. The Court found "an open question" whether there was "a separate postexamination duty that could be enforced for an additional period . . . ." *Id*. "If such a duty exists, then the next question concerns the scope of previously abandoned property that could be encompassed within such a duty." *Id*.

Although our Supreme Court emphatically "agree[d] with the Court of Appeals' statement in [*Disney II*] that nothing in the UUPA *requires* the Treasurer to take further action after issuing a notice of examination determination under MCL 567.251a(1)[,]" that "does not necessarily mean that the Treasurer has an unlimited period to compel compliance." *Id*. at ___; slip op at 34. Indeed, as the Court commented, "[t]he Court of Appeals decision failed to analyze how MCL 567.250(2) operates when a party refuses to voluntarily comply and the Treasurer is forced to commence a postexamination enforcement action." *Id*. To be sure, that was "understandable considering the briefing along with the reality that the Treasurer has not initiated a postexamination action and that plaintiffs instead filed declaratory actions to prohibit such enforcement." *Id*. But the Court left it to this Court to decide "whether MCL 567.251a and MCL 567.255 interact to impose a legal duty of postexamination compliance on a holder that is distinct from the annual duty to report and remit abandoned property." *Id*. Our Supreme Court thus reversed this Court's decisions in *Dine Brands*

---

[9] As we will explain, "MCL 567.255 imposes a tiered structure of penalties and interest for a holder's failure to do specific things." *Dine Brands III*, ___ Mich at ___ n 16; slip op at 33 n 16.

*I* and *Disney I*, affirmed in part and vacated in part this Court's opinion in *Disney II*, and remanded the cases to this Court once again for resolution of that one remaining issue.

## II. LEGAL ANALYSIS

In light of our Supreme Court's guidance, our task is clear. We must decide "whether MCL 567.251a and MCL 567.255 interact to impose a legal duty of postexamination compliance on a holder that is distinct from the annual duty to report and remit abandoned property." *Dine Brands III*, ___ Mich at ___; slip op at 34. In resolving that issue, our review of the trial court's ruling on summary disposition, including our engagement in statutory interpretation, is de novo. *Id*. at ___; slip op at 17-18. "The primary purpose of statutory interpretation is to determine the intent of the Legislature as conveyed by the statutory language." *Id*. at ___; slip op at 18. Therefore, we must begin with the language of the applicable statute of limitation in MCL 567.250(2), which states:

> Except as otherwise provided in [MCL 567.250(3), which is not at issue here], an action or proceeding shall not be commenced by the administrator with respect to any duty of a holder under this act more than 10 years, or, for the holder of records of transactions between 2 or more associations as defined under [MCL 567.257a(2)], more than 5 years, after the duty arose.

That language indicates that "the running of the applicable period of limitations is linked to 'any duty of a holder under' the UUPA, and the period runs from the date 'the duty arose.' " *Dine Brands III*, ___ Mich at ___; slip op at 32, quoting MCL 567.250(2). Therefore, we must "identify *the relevant legal duty* that is implicated by postexamination enforcement efforts . . . ." *Dine Brands III*, ___ Mich at ___; slip op at 32. This requires a determination "whether MCL 567.251a and MCL 567.255 interact to impose a legal duty of postexamination compliance on a holder that is distinct from the annual duty to report and remit abandoned property." *Id*. at ___; slip op at 34.

The notices of examination determination in these cases were issued in 2021. Accordingly, if a distinct legal duty to deliver the property arises from a notice of examination determination, then the Treasurer is not time-barred under MCL 567.250(2) from pursuing an enforcement action. We conclude that a distinct legal duty arises from the notice of examination determination. Under MCL 567.251a(1), "[i]f the administrator determines that a holder has failed to report or deliver to the administrator unclaimed property as required by this act, the administrator shall mail to the holder by certified or registered mail a notice of examination determination, which shall include the property deliverable." In addition, "[t]he notice of examination determination shall constitute a decision of the administrator." Pursuant to MCL 567.251a(15), "[a]s used in this section, 'notice of examination determination' means a notice that states the property that is deliverable by the holder to the administrator as a result of an examination." Thus, MCL 567.251a(1) reveals that a notice of examination determination is a decision of the administrator that "include[s] the property deliverable." MCL 567.251a(15) provides that the notice of examination determination "states the property that is deliverable by the holder to the administrator as a result of an examination." These provisions reflect that the holder has a distinct legal duty to deliver property to the Treasurer as a result of the examination.

This conclusion is fortified by the range of penalties that are available under MCL 567.255. Although our Supreme Court declined to decide whether a distinct legal duty arises from the notice of examination determination, our Supreme Court commented on the statutory range of penalties:

> Although we do not decide whether complying with the results of an examination relates to a legal duty that is distinct from the annual reporting and remittance duties under the UUPA, it is notable that MCL 567.255 imposes a tiered structure of penalties and interest for a holder's failure to do specific things. MCL 567.255(2) states that a person guilty of a willful failure to "render any report or perform other duties required under" the UUPA shall pay a civil penalty of $100 per day, up to $5,000. MCL 567.255(3) states that a willful failure to pay or deliver property as required by the UUPA results in a "civil penalty equal to 25% of the value of the property that should have been paid or delivered." Under MCL 567.255(4), "[a] person who willfully refuses after written demand by the administrator to pay or deliver property to the administrator" is guilty of a misdemeanor that can result in up to six months' imprisonment, between $500 to $25,000 in fines, or both. But the administrator has discretion to waive interest or civil fines. MCL 567.255(5). [*Dine Brands III*, ___ Mich at ___ n 16; slip op at 33 n 16.]

Application of these penalties is not limited to the failure to comply with the annual duty to report and remit abandoned property. The civil penalties may be imposed for, *inter alia*, a willful failure to "perform other duties required under" the UUPA, MCL 567.255(2), and a willful failure to pay or deliver property as required under the UUPA, MCL 567.255(3). As we have discussed, MCL 567.251a(1) and (15) reflect a distinct legal duty to deliver property to the Treasurer as a result of the notice of examination determination. Also, criminal liability can be imposed upon "[a] person who willfully refuses after written demand by the administrator to pay or deliver property to the administrator as required under" the UUPA. MCL 567.255(4). By referring to the willful refusal to pay or deliver property to the administrator "after written demand by the administrator," MCL 567.255(4) contemplates more than a mere failure to comply with annual reporting and remittance obligations. A willful refusal to comply with a notice of examination determination demanding the delivery of property is thus subject to a greater penalty than the failure to perform other duties. This penalty reflects a distinct legal duty to comply with the notice of examination determination.[10]

To sum up, we conclude that a distinct legal duty to deliver property to the Treasurer arises from the notice of examination determination. Therefore, for purposes of filing a postexamination enforcement action, the 5-year or 10-year (depending on the type of transaction) limitation period begins to run on the date of the issuance of the notice of examination determination. Because the notices of examination determination in these cases were issued in 2021, the trial court erred when it concluded that the Treasurer was time-barred under MCL 567.250(2) from commencing a future enforcement action with respect to the property deliverable to the Treasurer from plaintiffs as a

---

[10] This analysis does not hinge on whether a criminal penalty would be appropriate in these cases. The point is that the existence of such a penalty reflects that there is a distinct duty of compliance.

result of the respective notices of examination determination. Thus, we reverse the orders entered by the trial court and remand both cases for entry of summary disposition for the Treasurer.[11]

Reversed and remanded for entry of summary disposition in favor of the Treasurer in each case.[12] We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney

---

[11] The statute-of-limitations issue was the exclusive basis for the relief requested in each plaintiff's complaint. See *Dine Brands III*, ___ Mich at ___; slip op at 9 ("Both plaintiffs pleaded *a single allegation* that the UUPA's statute of limitations, MCL 567.250(2), barred the Treasurer from commencing any future enforcement action against plaintiffs with respect to the allegedly reportable property identified in the examination.") (emphasis added). In light of our analysis, nothing further needs to occur on remand other than to award summary disposition in favor of the Treasurer. We emphasize that the sole issue in the present cases is whether the Treasurer is time-barred from filing a future enforcement action. The merits of any such future enforcement action are, of course, not at issue here and would be the subject of any future litigation.

[12] In light of the timing and manner in which the requests for summary disposition were presented to the circuit court, the Treasurer is entitled to summary disposition under MCR 2.116(I)(2), rather than under MCR 2.116(C)(10).

-10-